UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SAWYER ) | 04 11945 JLT |
| Plaintiff, ) | |
| V. ) MAGISTRATE JUDGE | RECEIPT # 58509 |
| ) | AMOUNT $150 |
| SPRINGFIELD TERMINAL RAILWAY ) CIVIL ACTION NO. | SUMMONS ISSUED YES |
| COMPANY ) | LOCAL RULE 4.1 |
| and ) | WAIVER FORM |
| BOSTON & MAINE CORPORATION ) | MCF ISSUED |
| Defendants, ) | BY DPTY. CLK. TCM |
| ) | DATE 9\ |

## COMPLAINT

COMES NOW the plaintiff, Robert Sawyer, by and through the undersigned counsel, Ronald M. Davids, Esquire and Samuel J. Rosenthal, Esquire, and claims of the defendants, Springfield Terminal Railway and Boston & Maine Corporation, an amount in excess of the statutory arbitration limits, and avers the following:

1. Plaintiff, Robert Sawyer, is an adult individual residing in Peabody, Massachusetts.

2. Defendant, Springfield Terminal Railway Company ("Springfield"), is a corporate entity duly organized and existing under any by virtue of laws of the Commonwealth of Massachusetts and, at all times material hereto, was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States, and doing business and having a principal place of business in Billerica, Massachusetts.

3. Defendant, Boston & Maine Corporation ("B & M"), is a corporate entity duly organized and existing under any by virtue of laws of the Commonwealth of Massachusetts and, at all times material hereto, was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States, and doing business and having a principal place of business in Billerica, Massachusetts.

4. At all times material hereto and for some time prior therto, plaintiff was employed by defendants, Springfield and B & M, as a conductor/trainman in their business of interstate commerce and transportation by railroad.

5. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.S. §§51, et seq. (1908), and the Federal Safety Appliance Act, 49 U.S.C.S. §§ 1, et seq. and Locomotive Boiler Act, 49 U.S.C.S. §§20701 et seq.

6. On or about October 23, 2003, while acting in the course and scope of his employment with defendants, Springfield and B & M, plaintiff was injured while attempting to exit engine Mec 515 in defendant's Boston Yard in Boston, Massachusetts.

7. Plaintiff was injured because a door malfunctioned, was defective and was improperly and/or poorly maintained.

8. Plaintiff was injured as a result of the defective and hazardous condition of the door.

## COUNT I

### Robert Sawyer v. Springfield Terminal Railway

9. Plaintiff, Robert Sawyer, hereby incorporates by reference paragraphs 1 through 8 of the Complaint as if same were fully set forth herein.

10. As a result of this accident, the plaintiff was caused to sustain severe and permanent personal injuries, as more fully set forth below.

11. Plaintiffs injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant, Springfield, acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

    (a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with a work area free of hazards and unsafe conditions;

    (b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject train and/or door in a reasonably safe condition;

    (c) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

- (d) failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the work area, including but not limited to the train and/or door, which were made unsafe due to the presence of a dangerous condition;

- (e) failing to provide plaintiff with safe equipment, free of hazards and defects;

- (f) failing to properly maintain, inspect and/or repair the subject train and/or door, to ensure that same were reasonably safe to use free from defects;

- (g) failing to comply with governmental and/or other applicable safety regulations concerning the safety of the work area particularly as they pertain to maintaining train doors free from hazards;

- (h) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject train and/or door, as more fully described above;

- (i) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, particularly the dangerous condition of the subject train and/or door, as described above; and/or

- (j) failing to provide proper and safe equipment and/or tools for plaintiff to properly and safely perform his job duties.

12. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal

injuries he may have sustained, plaintiff suffered partial amputation of his right ring finger by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

13. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Springfield, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect and cure and/or a diminution of her injuries.

14. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Springfield, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

15. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Springfield, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

WHEREFORE, plaintiff, Robert Sawyer demands judgment in his favor and against defendant, Springfield, in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

## COUNT II

### Robert Sawyer v. Boston & Maine Corporation

16. Plaintiff, Robert Sawyer, hereby incorporates by reference paragraphs 1 through 15 of the Complaint as if same were fully set forth herein.

17. As a result of this accident, the plaintiff was caused to sustain severe and permanent personal injuries, as more fully set forth below.

18. Plaintiffs injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant, B & M, acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

    (a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with a work area free of hazards and unsafe conditions;

    (b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject train and/or door in a reasonably safe condition;

    (c) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiting plaintiff to perform his assigned .job tasks in an area made unsafe due to the presence of a dangerous condition;

    (d) failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the work area, including but not limited to the subject train and/or door, which were made unsafe due to the presence of a dangerous condition;

    (e) failing to provide plaintiff with safe equipment, free of hazards and defects;

    (f) failing to properly maintain, inspect and/or repair the subject train and/or door, to ensure that same were reasonably safe to use free from defects;

    (g) failing to comply with governmental and/or other applicable safety regulations concerning the safety of the work area particularly as they pertain to maintaining train doors free from hazards;

    (h) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject train and/or door, as more fully described above;

    (i) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, particularly the dangerous condition of the subject train and/or door, as described above; and/or

    (j) failing to provide proper and safe equipment and/or tools for plaintiff to properly and safely perform his job duties.

19. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal

injuries he may have sustained, plaintiff suffered partial amputation of his right ring finger by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

20. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant B& M, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect and cure and/or a diminution of her injuries.

21. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant B & M, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

22. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant B & M, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

WHEREFORE, plaintiff, Robert Sawyer demands .judgment in his favor and against defendant, B & M, in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

## JURY DEMAND

**A jury trial is demanded.**

        ROBERT SAWYER,

        By His Attorneys,

        DAVIDS & SCHLESINGER, P.C.

        _____
        Ronald M. Davids, Esquire
        BBO: 115110
        DAVIDS & SCHLESINGER
        40 Washington Street, Suite 250
        Wellesley, MA 02481
        (781) 416-5055

Dated: 9/3/04

Of Counsel:

Samuel J. Rosenthal, Esquire
BARISH LAW OFFICES, P.C.
1601 Cherry Street
Three Parkway - 13t Floor
Philadelphia, PA 19102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Robert Sawyer v. Springfield Terminal Railway Company, et al.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [X]

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]    NO [ ]

   A. If yes, in which division do **all** of the non-governmental parties reside?
   Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Ronald M. Davids / Davids & Schlesinger
ADDRESS  40 Washington St., Suite 250, Wellesley, MA 02481
TELEPHONE NO.  781-416-5055

Samuel J. Rosenthal
Barish Law Offices, P.C.
1601 Cherry St, Three Parkway, 13 FL
Philadelphia, PA 19102
215-923-8900

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert Sawyer

**DEFENDANTS** Springfield Terminal, Railway Company and Boston & Maine Corporation

(b) County of Residence of First Listed Plaintiff: **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ronald M. Davids, Davids & Schlesinger
40 Washington Street, Suite 250
Wellesley, MA 02481
781-416-5055

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | ☒ 330 Federal Employers' Liability |  ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
|  |  / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  / ☐ 530 General | ☐ 790 Other Labor Litigation |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |  |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A §§20301 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 9-3-04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



# Davids & Schlesinger
Professional Corporation

Counsellors At Law

September 3, 2004

Civil Clerk's Office
U.S. District Court
U.S. Courthouse
One Courthouse Way
Boston, MA 02110

Re: Robert Sawyer v. Springfield Terminal Railway Company and Boston & Maine Corporation
<u>Civil Action No.: NEW</u>

Dear Sir or Madam:

Enclosed for filing please find the following:

1. **Complaint;**
2. **Civil Action Cover Sheet;**
3. **Category Sheet;**
4. **Filing fee;**
5. **Copy of the Complaint; and**
6. **Two Civil Summons.**

Would you kindly time-stamp the photocopy of the Complaint and indicate the docket number for this case on said copies and return them in the enclosed envelope to confirm receipt of this case? Also, kindly return the Summonses to me after signing and stamping same.

Thank you for your attention to this matter.

Very truly yours,

Ronald M. Davids

RMD/ko
Enclosure
cc: Paul J. Riley, Esquire