UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT SAWYER,
        Plaintiff,

v.

SPRINGFIELD TERMINAL RAILWAY
COMPANY and
BOSTON & MAINE CORPORATION,
        Defendant.

C.A. No. 04-11945-JLT

## DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S FEDERAL SAFETY APPLIANCE ACT CLAIMS, PURSUANT TO FED.R.CIV.P. 12(b)(6)

NOW COME the defendants, Springfield Terminal Railway Company and Boston and Maine Corporation, and move this Honorable Court, pursuant to F.R.C.P. 12(b)(6), to dismiss the plaintiff's claims brought pursuant to the Federal Safety Appliance Act, 29 U.S.C. §§ 1 et seq. Based upon the allegations contained within the plaintiff's Complaint, the claims brought pursuant to the Federal Safety Appliance Act do not apply because no equipment or appurtenances covered under the statute were involved in the alleged incident.

## STATEMENT OF THE CASE

The plaintiff has brought suit against the defendants alleging that he was injured while attempting to exit a locomotive on or about October 23, 2003. The plaintiff further alleges that he was injured because the door of the locomotive he was exiting "malfunctioned, was defective and was improperly and/or poorly maintained."

The plaintiff has asserted claims against the defendants, pursuant to the Safety Appliance Act, 49 U.S.C. §§ 1 et seq

## LEGAL ARGUMENT

The Safety Appliance Act, 49 U.S.C. §§ 1 et seq., sets forth a specific list of equipment which a railroad must have on each type of car it operates: ladders; brakes; automatic couplers, hand holds, running boards; etc. Liability under the Safety Appliance Act requires the plaintiff to present evidence that his alleged injury was due to a defect in the equipment enumerated in the statute. To the extent that a claim is brought alleging a defect in equipment not enumerated in the Safety Appliance Act, any claim premised on the Safety Appliance Act fails, as a matter of law. Jordan v. Southern Railway Company, 970 F.2d 1350, 1354 (C.A. 4th Cir. 1992).

In the instant case, the plaintiff alleges that he was injured while attempting to exit a locomotive and further alleges that he was injured because the door of the locomotive he was exiting "malfunctioned, was defective and was improperly and/or poorly maintained. A locomotive door is not an instrumentality or piece of equipment subject to the provisions of the Safety Appliance Act.

WHEREFORE, the defendants, Springfield Terminal Railway Company and Boston and Maine Corporation, respectfully request that this Honorable Court dismiss the plaintiff's claims alleging causes of action under the Safety Appliance Act, for failure to state a claim upon which relief can be granted, pursuant to F.R.C.P. 12(b)(6).

**THE DEFENDANTS RESPECTFULLY
REQUESTS A HEARING ON THE ISSUES RAISED HEREIN.**

Respectfully submitted,
By the defendants,
Springfield Terminal Railway Company and
Boston and Maine Corporation,
By their attorneys,

John J. O'Brien, Jr.
BBO # 375885
Francis S. McGurrin, Jr.
BBO # 630847
O'Brien & von Rosenvinge
27 Mica Lane, Suite 202
Boston, MA 02481
(781) 239-9988

DATED: 10/27/04

CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendants, Springfield Terminal Railway Company and Boston & Maine Corporation, hereby certify that on the 27th day of October, 2004 I forwarded true copies of:

**DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S FEDERAL SAFETY APPLIANCE ACT CLAIMS, PURSUANT TO FED.R.CIV.P. 12(b)(6)**

by first class mail, postage pre-paid to the following counsel of record:

Ronald M. Davids, Esq.
Davids & Schlesinger
40 Washington Street, Suite 250
Wellesley, MA 02481

John J. O'Brien, Jr.

3