UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SAWYER,<br>        Plaintiff,<br><br>v.<br><br>SPRINGFIELD TERMINAL RAILWAY COMPANY and<br>BOSTON & MAINE CORPORATION,<br>        Defendant. | C.A. No. 04-11945-JLT |

## DEFENDANT, BOSTON AND MAINE CORPORATION'S, MOTION TO DISMISS, PURSUANT TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, FED.R.CIV.P. 56

NOW COMES the defendant, Boston and Maine Corporation, and moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, pursuant to Fed. R. Civ. P. 56, to dismiss the plaintiff's claims brought against the moving defendant. As argued below, the defendant is entitled to judgment, as a matter of law, because the defendant did not employ the defendant.

## STATEMENT OF THE CASE

The plaintiff has brought suit against the defendants alleging that he was injured while exiting a locomotive during the course of his employment with the Boston and Maine Corporation. The plaintiff has asserted claims against the defendants, including the Boston and Maine Corporation, pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., the Safety Appliance Act, 49 U.S.C. §§ 1 et seq., and the Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq.

Notwithstanding the plaintiff's allegations, the Boston and Maine Corporation did not

employ the plaintiff at or about the time the plaintiff alleges that he was injured. Affidavit of Deborah J. Bourassa, attached hereto as "Exhibit A." The plaintiff's employer during the relevant period was the defendant, Springfield Terminal Railway Company. Defendant, Springfield Terminal Railway Company's Answer to the Plaintiff's Complaint and Jury Demand, attached hereto as "Exhibit B."

## LEGAL ARGUMENT

The Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., imposes upon railroads a general duty to provide a safe workplace for its employees and provides a federal cause of action against a railroad by any employee injured as a result of the railroad's negligence. Liability under the Federal Employers' Liability Act is based upon the employee-employer relationship. Jakubowski v. Central Railroad Company of New Jersey, 88 F.Supp. 258, 259 (S.D.N.Y. 1959) (citations omitted).

In the instant case, the Boston and Maine Corporation did not employ the plaintiff during the relevant period. "Exhibit A." Absent evidence of any employment relationship between the plaintiff and the moving defendant, the plaintiff's claims brought under the Federal Employers' Liability Act fail, as a matter of law, against this defendant.

WHEREFORE, the defendant, Boston and Maine Corporation, respectfully requests that this Honorable Court enter judgment in its favor and against the plaintiff, pursuant to F.R.C.P. 12(b)(6), for failure to state a claim upon which relief can be granted, or in the alternative, pursuant to F.R.C.P. 56.

## THE DEFENDANT, BOSTON AND MAINE CORPORATION, RESPECTFULLY REQUESTS A HEARING ON THE ISSUES RAISED HEREIN.

Respectfully submitted,
By the defendant,
Boston and Maine Corporation,
By its attorneys,

John J. O'Brien, Jr.
BBO # 375885
Francis S. McGurrin, Jr.
BBO # 630847
O'Brien & von Rosenvinge
27 Mica Lane, Suite 202
Boston, MA 02481
(781) 239-9988

DATED:  October 27, 2004

### CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendant, Boston & Maine Corp., hereby certify that on the 27th day of October, 2004 I forwarded true copies of:

**DEFENDANT, BOSTON AND MAINE CORPORATION'S, MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(b)(6), OR IN THE ALTERNATIVE, FED. R. CIV. P. 56**

by first class mail, postage pre-paid to the following counsel of record:

Ronald M. Davids, Esq.
Davids & Schlesinger
40 Washington Street, Suite 250
Wellesley, MA 02481
BBO # 115110

John J. O'Brien, Jr.

3

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT SAWYER,              )
      Plaintiff,            )
                            )
v.                          )     C.A. No. 04-11945-JLT
                            )
SPRINGFIELD TERMINAL RAILWAY)
COMPANY and                 )
BOSTON & MAINE CORPORATION, )
      Defendant.            )
_____)

## AFFIDAVIT

I, Deborah Bourassa, being first duly sworn, do hereby swear that I have knowledge concerning the following facts and that the following facts are true:

1. My name is Deborah J. Bourassa, and I reside in Chelmsford, Massachusetts. I am employed by Springfield Terminal as Director of Personnel.

2. I have reviewed the Complaint of the plaintiff in this action.

3. Contrary to the allegations contained within the plaintiff=s Complaint, the Boston and Maine Corporation did not employ the plaintiff, Robert Sawyer, during the period referenced in the plaintiff=s Complaint.

SIGNED UNDER THE PAINS AND PENALTIES OF PREJURY
THIS 26 DAY OF OCTOBER, 2004.

                                                                                       /s/ Bourassa

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SAWYER,<br>　　　　Plaintiff,<br><br>v.<br><br>SPRINGFIELD TERMINAL RAILWAY<br>COMPANY and<br>BOSTON & MAINE CORPORATION,<br>　　　　Defendant. | C.A. No. 04-11945-JLT |

## DEFENDANT, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, ANSWER TO THE PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. The defendant is without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 1 of the plaintiff's Complaint.

2. The defendant admits that it is a corporate entity with a place of business in North Billerica Massachusetts and that, at all material times hereto, it was engaged in operating a line and system of railroads and railroad properties as a common carrier of goods for hire in interstate commerce and transportation in, through and between various and several states of the United States. The defendant denies the remaining allegations contained within paragraph 2 of the plaintiff's Complaint.

3. The allegations contained within paragraph 3 of the plaintiff's Complaint are directed to another party and therefore no response to said allegations is required from this defendant.

4. The defendant admits that, at all times material hereto and for some time prior thereto, the plaintiff was employed by the defendant as a conductor/trainman in the defendant's business of interstate commerce and transportation by railroad. The remaining allegations contained within paragraph 4 of the plaintiff's Complaint are directed to another party and therefore no response to said allegations is required from this defendant.

5. The allegations contained within paragraph 5 of the plaintiff's Complaint constitutes a statement of the case to which no response is required from this defendant.

6. The defendant is without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 6 of the plaintiff's Complaint.

7. Denied.

8. Denied.

## COUNT I
### Robert Sawyer v. Springfield Terminal Railway

9. The defendant repeats and realleges paragraphs 1 through 8 and incorporates the same herein as if fully set forth.

10. The defendant is without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 17 of the plaintiff's Complaint.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## COUNT II
### Robert Sawyer v. Boston & Maine Corporation

16. The defendant repeats and realleges paragraphs 1 through 15 and incorporates the same herein as if fully set forth.

17. The defendant is without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 10 of the plaintiff's Complaint.

18. The allegations contained within paragraph 18 of the plaintiff's Complaint are directed to another party and therefore no response to said allegations is required from this defendant. To the extent that the allegations contained within paragraph 18 of the plaintiff's Complaint are deemed to pertain to this defendant, those allegations are denied.

19. The allegations contained within paragraph 19 of the plaintiff's Complaint are directed to another party and therefore no response to said allegations is required from this defendant. To the extent that the allegations contained within paragraph 19 of the plaintiff's Complaint are deemed to pertain to this defendant, those allegations are denied.

20. The allegations contained within paragraph 20 of the plaintiff's Complaint are directed to another party and therefore no response to said allegations is required from this defendant. To the extent that the allegations contained within paragraph 20 of the

plaintiff's Complaint are deemed to pertain to this defendant, those allegations are denied.

21. The allegations contained within paragraph 21 of the plaintiff's Complaint are directed to another party and therefore no response to said allegations is required from this defendant. To the extent that the allegations contained within paragraph 21 of the plaintiff's Complaint are deemed to pertain to this defendant, those allegations are denied.

22. The allegations contained within paragraph 22 of the plaintiff's Complaint are directed to another party and therefore no response to said allegations is required from this defendant. To the extent that the allegations contained within paragraph 22 of the plaintiff's Complaint are deemed to pertain to this defendant, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted against this defendant and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's alleged damages and injuries were caused by a person or persons for whose conduct this defendant is not and was not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff failed to provide this defendant with prior notice of unsafe and unsuitable tools, appliances, equipment and/or condition.

### FOURTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's alleged damages and injuries were caused in whole or in part by the plaintiff's own negligence which was greater than any negligence on the part of this defendant, said negligence being specifically denied.

### FIFTH AFFIRMATIVE DEFENSE

The injuries allegedly sustained by the plaintiff resulted from dangers and risks of which the plaintiff himself assumed.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant did not breach any implied and/or express duties owed to the plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff failed to provide proper notice of his claim.

## NINTH AFFIRMATIVE DEFENSE

The defendant states that F. E. L. A. provides the exclusive remedy for the recovery of damages sustained by an employee as a result of an injury to said employee and does not permit or provide for the recovery of medical expenses.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims brought pursuant to the Federal Safety Appliance Act, 49 U.S.C. §§ 1 et seq., should be dismissed, as a matter of law, on the basis that the plaintiff's alleged injuries and damages were not due to any appliance enumerated in the statute.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims brought pursuant to the Federal Safety Appliance Act, 49 U.S.C. §§ 1 et seq., and the Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq., should be dismissed, as a matter of law, on the basis that the locomotive allegedly involved in the subject incident was not "in use" as required under the applicable statute.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred under the doctrines of res judicata and claim preclusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries were as a direct result of the plaintiff's violation of applicable rules and regulations pertaining to safety to which the plaintiff was required to comply.

4

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations regarding failure to comply with governmental and/or applicable safety regulation fail on the basis that no such regulations exist pertaining to the instrumentalities at issue in this litigation.

WHEREFORE, the defendant, Springfield Terminal Railway Company, requests that this Honorable Court:

1. Enter judgment for the defendant and against the plaintiff on each Count of the Plaintiff's Complaint;

2. Dismiss the plaintiff's Complaint;

3. Award the defendant its costs, including attorneys' fees, incurred in connection with defending this action; and

4. Award the defendant such other and further relief as this Court deems appropriate.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,
By the defendant,
Springfield Terminal Railway Company,
By its attorneys,

John J. O'Brien, Jr.
BBO # 375885
Francis S. McGurrin, Jr.
BBO # 630847
O'Brien & von Rosenvinge
27 Mica Lane, Suite 202
Boston, MA 02481
(781) 239-9988

DATED: 10-26-04

5

CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendant, Boston & Maine Corp., hereby certify that on the 28th day of October, 2004 I forwarded true copies of:

**DEFENDANT, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

by first class mail, postage pre-paid to the following counsel of record:

Ronald M. Davids, Esq.
Davids & Schlesinger
40 Washington Street, Suite 250
Wellesley, MA 02481

_____
John J. O'Brien, Jr.

6