**EXHIBIT F**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SAWYER | * |
| Plaintiff | * CIVIL ACTION |
| vs. | * NO. 04-11945-JLT |
| SPRINGFIELD TERMINAL RAILWAY COMPANY and BOSTON & MAINE CORPORATION | * |
| Defendants | * |

**PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

1.  Please identify yourself by stating your full name, date of birth, present residential address and residential addresses (and dates resided) for the five years preceding the accident alleged in the Complaint to the present, business address, occupation, and social security number.

    Robert James Sawyer, June 7, 1945. 18 Curwen Road, Peabody, MA 01960-1230. SS# 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
    Railroad Conductor, High Street, Iron Horse Park, North Billerica, MA.

2.  Please describe in complete detail how your alleged accident occurred, stating:

    a. what you saw and did in the order in which the events took place;
    b. identifying the exact location where the alleged accident took place, relating in
    c.
    d. when, where and to whom the alleged accident was first reported by the plaintiff.

    a. Plaintiff felt pain in right hand, pulled hand away, saw his glove fall off and could see right ring finger was bloodied and tip of finger was amputated.

    b. Engine MEC 515 door.

    c. No C interrogatory question.

    d. First to engineer G. Willis.



3.  At the time of the alleged accident and prior thereto, please sate in full detail each action you took to prevent or minimize injury to yourself.

Be aware of surroundings and try to work safely.

4. Please set forth in full and complete detail everything which you contend that the defendant, Springfield Terminal Railway Co.:

   a. Did, which it should not have done; and
   b. Failed to do, which it should have done.

   (a-b) Failed to provide plaintiff with a safe place to work by failing to maintain the subject door in a safe condition. Failure to have the door equipped with a secure and operable latching device. Failure to warn plaintiff of dangerous condition regarding door. Failure to inspect said door. Plaintiff reserves the right to supplement this response as discovery proceeds.

5. If you claim your alleged accident was due to a defect(s) and/or hazardous condition(s), please describe in full detail:

   a. each and every defect(s) and/or hazardous condition(s) which you alleged contributed to your alleged injuries in any manner;
   b. how long in months, days, house, minutes or seconds had said defect(s) and/or hazardous condition(s) existed prior to your alleged accident;
   c. if you observed said defect(s) and/or hazardous condition(s) prior to your alleged accident, please state for how long you observed said defect(s) and/or dangerous condition(s); and
   d. the name and address of any person who you know had notice of the existence of the alleged defect(s) and /or hazardous condition(s) prior to the alleged accident.

   a. failure of door to be equipped with a secure and operable latching device. Plaintiff reserves the right to supplement this response.
   b. unknown.
   c. Plaintiff had used door previously but did not realize door could close so quickly and forcefully due to lack of latching device.
   d. unknown. Plaintiff reserves the right to supplement this response.

6. If you claim you received injuries as a result of a violation of any code, regulation, ordinance, statue or other law, please identify such violation and describe how said violation caused or contributed to your alleged accident.

   Federal Employers Liability Act. Failure to provide plaintiff with safe work place. Locomotive Boiler Act – failure to have secure and operable latching device on door.

7. Please state all facts upon which you rely to support the allegations in your Complaint in which you allege that your injuries were caused by the failure of the defendant to maintain the subject train and/or door in a reasonably safe condition.

See response to interrogatories 4 and 6.

8. Please state all facts upon which you rely to support the allegations in your Complaint in which you allege that your injuries were caused by the defendant requiring plaintiff to perform his assigned jobtasks in an area made unsafe due to the presence of a dangerous condition.

See response to interrogatories 4 and 6.

9. If you complained and/or notified any agent, servant and/or employee of the defendant, Springfield Terminal Railway Co., concerning the condition of the property, equipment and/or operations fo the defendant which you claim were related to your accident, please state the name and address of each person to whom you complained and/or provided notice and the date of each complaint and/or notice.

Not applicable.

10. If you claim that you suffered injuries as a result of the accident alleged in your Complaint, describe in full all of the injuries including physical and emotional, the part or parts of your body that were affected, the period of time for which they were affected, your present physical condition and, if you are claiming any permanent injuries, describe the same in detail.

Plaintiff's finger tip was amputated causing permanent scarring and still has occasional pain. In addition plaintiff had to deal with the ongoing emotional trauma of this injury.

11. If you were confined to your home as a result of your alleged injuries, including emotional distress, state for how long, giving dates as nearly exactly as possible.

Plaintiff spent a short period of time at home resting after his injury, from October 23, 2003 until the first week of December 2003. The exception was a hearing plaintiff was required to attend on November 19, 2003.

12. If you were confined to your bed as a result of your alleged injuries, including emotional distress, state for how long, giving dates as nearly exactly as possible.

Plaintiff was confined to his bed for approximately one week. Plaintiff was emotionally upset over whether he would regain use of his hand again and of how his condition was affecting other members of his family.

13. With reference to the injuries you claim to have sustained as a result of the accident alleged in your Complaint, please state:

a. the names and address of each hospital at which you have treated, the dates on which you were treated, and the treatment received on each date;

    b  the names and addresses of each physician and/or health care provider from whom you sought treatment, the dates on which you were treated, and the treatment received on each date.

    Massachusetts General Hospital , 15 Parkman Street, Boston, MA.
10-23-03 - Andrew Meltzer, M.D., emergency department, M.G.H.
10-31-03 - J. Jiuliano, hand surgery clinic, M.G.H.
10-31-03 - Colleen Lowe Occupational Therapy Department M.G.H.
11-12-03 - J.Jiuliano, hand surgery clinic, M.G.H.
12-10-03 - J.Jiuliano, hand surgery clinic, M.G.H.
12-11-03 - B. Morris, Health Resources, Wburn, MA.
8-13-04 - L.Adey, M.D., Hand surgery clinic, M.G.H.

14. If you were incapacitated from work as a result of the alleged accident, please state:

    a. your occupation at thee time thereof;
    b. by whom you were employed, including a business address, and the wages, salary or profits which you were receiving at the time;
    c. as nearly exactly as possible, the dates between which you were so incapacitated;
    d. whether you are presently incapacitated.

    a. Railroad Conductor.
    b. Springfield Terminal Railway, Iron Horse Park, High Street, N. Billerica, MA. $5,500.00 per month.
    c. 10-23-03 - 12-15-03
    d. To be determined.

15. If you suffered financial loss as a result of the alleged accident, please itemize as fully as possible:

    a. doctor's bills;
    b. nurse's bills;
    c. hospital expenses;
    d. loss of wages, profits, salary or business, including in your response the method used to calculate such losses;
    e. legal bills; and
    f. any other losses, expenses or damages material hereto.

Plaintiff has no medical bills. However plaintiff reserves the right to supplement this response with respect to any additional expenses.

16. If you were treated by any healthcare provider at any time in the five (5) year period immediately preceding the alleged accident state the name of the provider(s), the dates of the treatments, your understanding of the purpose of the

treatments and when such condition ended, if it did.

Not applicable.

17. If you were treated for medical problems since October 23, 2003, please state:

   a. all medical problems for which you saw a physician or other health care provider;
   b. the names and addresses and specialities of each physician or health care provider you saw;
   c. the diagnosis and treatment for each medical problem; and
   d. the date and place for all medical admissions necessary for each medical problem.

   Not applicable.

18. Identify the name and present last known business and/or residential address each person having knowledge of any discoverable matter relating to the allegations set forth in the plaintiff's Complaint.

   Plaintiff has not, as yet, determined who if any individual has knowledge of any discoverable matter relating to the allegations set forth in plaintiff's complaint. Plaintiff reserves the right to supplement this response.

19. If within the twenty-four (24) hour period prior to the alleged accident you used, consumed or otherwise ingested any medications, prescription or otherwise, drugs, alcoholic beverages or narcotics, please describe each such substance, including the identity, quantity or dosage, time and place of consumption.

   Not applicable.

20. If you took any medications prescribed by a physician in the four years prior to the date of the alleged accident up to the present date, please state:

   a. the type of medication;
   b. by whom it was prescribed;
   c. the dates which the medication was used;
   d. the dosage, indicating the amount and the number of times taken daily;
   e. the condition for which the medication was prescribed;
   f. the name and address of the drug store where the medication was obtained.

   (a-f). None other than cold medication.

21. Identify by name and address each person whom you expect to call as an expert witness at trial, and with respect to each person, please state:

   a. the subject matter on which such expert is expected to testify;
   b. the substance of the facts and opinions to which said expert(s) is expected to testify together with a summary of the grounds for each opinion.
   c. the field or discipline in which such person claims to have expertise;
   d. the nature and extent of such expert's training, including schools attended, dates of attendance and degrees conferred, if any;
   e. whether such expert has examined the accident scene, any article or instrumentality involved in the subject accident, or any other tangible item in connection with the instant litigation; and
   f. an identification of each and every writing and/or document relating to such expert's evaluation or investigation, including the name and address of the custodian of such writing.

   (a-f). Plaintiff has not, as yet, determined what experts will be called upon to testify in this matter. Plaintiff reserves the right to supplement this response.

22. If you or anyone acting on your behalf gave any signed or unsigned statements (specify which) to anyone concerning the allegations set forth in Plaintiff's Complaint, identify the person(s) who gave the statement and the person(s) who took the statement, by name, including their employer and present or last known address.

   None.

23. If you or any one on your behalf has had conversations with or made statements to any agent, servant and/or employee of the defendant, Springfield Terminal Railway Co., concerning the defendant's liability, the cause of the alleged injuries your medical condition, your medical treatment and/or the alleged injuries you sustained as a result of the alleged accident, please state:

   a. the name and address of each person to whom the statements were made or with whom such conversations took place;
   b. the date and time of day of each statement and/or conversation;
   c. the names and addresses of any other persons present at the time of the statement and/or conversation; and
   d. the location of any recording or copy of the statement and/or conversation.

   (a-d). See November 19, 2003 discipline hearing of plaintiff for statements made regarding the cause of plaintiff's injury.

24. If you or any one on your behalf has had conversations with or made statement to any other person, other than your attorneys, concerning the defendant, Springfield Terminal Railway, Co.'s liability, the cause of your alleged injuries, your medical condition, your medical treatment and/or the alleged injuries you sustained as a result of the alleged accident, please state:

a. the name and address of each person to whom the statements were made or with whom such conversation took place;
b. the date and time of day of each statement and/or conversation;
c. the names and addresses of any other persons present at the time of the statement and/or conversation; and
d. the location of any recording or copy of the statement and/or conversation.

(a-d). See November 19, 2003 discipline hearing of plaintiff for statements made regarding the cause of plaintiff's injury.

25. If you now receive or have ever received any Social Security payments, disability pension, insurance, annuity, Railroad Retirement Board and/or Workers' Compensation benefits from any agency, company, person, corporation, state or government, please state:

a. the nature of any such payment or income;
b. the dates you received such payment or income;
c. for what injuries or disability you received such payment or income;
d. by whom was such payment or income paid, including the payor's name, address and file number;
e. whether you now have any present disability as a result of such injuries or disability;
f. if so, the nature and extent of such disability;
g. whether you had any disability at the time of the incident alleged in the Plaintiff's Complaint;
h. if so, the nature and extent of such disability.

(a-g). Plaintiff received Railroad Retirement Board Sickness Benefits for the period he was out of work. The disability was that injury complained of in plaintiff's complaint.

BARISH LAW OFFICES, P.C.

BY: _____
Paul J. Riley, Esquire
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiffs Answers to Defendant's First Set of Interrogatories and Response to Defendant's First Request for the Production of Documents was served by United States First Class Mail, Postage Prepaid, upon:

John J. O'Brien, Esquire
O'BRIEN & VON ROSENVINGE, P.C.
27 Mica Lane, Suite 202
Wellesley, MA 02481

on this 24th day of January, 2005.

BARISH LAW OFFICES, P.C.

BY: _____
Paul J. Riley, Esquire