PUBLIC LAW BOARD NO. 4623

Case No. 130
Award No. 130

PARTIES TO DISPUTE:   UNITED TRANSPORTATION UNION

-and-

SPRINGFIELD TERMINAL RAILWAY COMPANY

STATEMENT OF CLAIM:

Appeal of Conductor Robert J. Sawyer for removal of the discipline assessed him on December 13, 2002 (14-day suspension) and pay for all time lost.

FINDINGS:

This Board, upon the whole record and all the evidence, finds as follows:

That the parties were given due notice of the hearing;

That the Carrier and Employees involved in this dispute are respectively Carrier and Employees within the meaning of the Railway Labor Act as approved June 21, 1934;

That this Board has jurisdiction over the dispute involved herein.

On October 3, 2003 Claimant was the Conductor on Train BO-1 in Boston. At around 1:20 p.m., the Claimant exited the engine through a door in the nose. He was going to throw a switch for the train's movement. The engine was not moving at the time.

After the Claimant opened the door to exit the locomotive the door suddenly closed striking his right hand. The Claimant was unable to explain why or how the door closed. No one witnessed the accident. There was no one outside the engine at the time of this mishap. The door is a heavy door that swings out from the engine to the left. After the door is opened there is no device, such as a latch, to keep it open.

The Claimant was transported to Massachusetts General Hospital in Boston where part of his ring finger on his right hand was amputated. He was out of work because of the injury.

The Claimant was notified to attend a hearing to determine his responsibility, if any, for failing to properly perform his duties while employed as the Conductor on assignment BO-1 on October 23, 2003, when he injured his right hand while getting off engine number MEC 515. The investigation was held on November 19, 2003. On December 3, 2003, Claimant was advised that the charge was upheld and he was being assessed a 14-day suspension (December 1 through and including December 14, 2003).

The Carrier contends that the Claimant incurred a personal injury on October 23, 2003 because he violated Safety Rule #79. Safety Rule 79 provides that:

> *Care must be exercised in opening and closing locomotive,*
> *and car doors to avoid injury to fingers being caught*
> *against door facings and latches. Handles provided for*
> *that purpose must be used. Do not place fingers or hands*
> *on edge of door or doorjamb for any reason.*

The evidence presented at the November 19, 2003, investigation fails to convince this Board that the Claimant violated Safety Rule 79 while leaving the engine on October 23, 2003. There is no evidence in the record that he did not use the handle on the engine door to open it. Nor is there any evidence that he placed his fingers or hand on the edge of the door or the doorjamb after he opened it. Moreover, he was wearing gloves when the accident occurred. The Carrier acknowledged that the door the Claimant used was the normal way to exit the engine.

The Carrier maintains that the Claimant caused the door to close on his hand since there was no one else near the door when it closed and no outside force caused it to close. This is mere conjecture on the Carrier's part. As observed above, no one witnessed the door close and the Claimant did not know why or how it closed.

There is not a scintilla of evidence that the Claimant did anything to cause the door to close on his hand. He used the handle on the door to open it, as Rule 79 requires. Because there was no device to secure the door it inexplicably closed causing a serious injury to the Claimant's finger. Since the accident happened so suddenly there was nothing the Claimant could have done to prevent it, in our view.

Inasmuch as the evidence fails to demonstrate that the Claimant improperly performed his duties as the Conductor of assignment BO-1 on October 23, 2003, when an engine door he was exiting suddenly closed injuring a finger on his right hand, the discipline assessed him on December 3, 2003, was unjustified. That discipline must be removed from the Claimant's record and he must be made whole for all lost wages.